# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74208-6-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| RICHARD LLEWELLYN DANIELS, JR., | ) | |
| Appellant. | ) | FILED: March 6, 2017 |
| | ) | |

APPELWICK, J. — The trial court imposed a $100 DNA fee on Daniels as part of his LFOs. Daniels argues that the trial court should have inquired into his ability to pay. He also argues that the fee violates equal protection and due process. We affirm.

## FACTS

Richard Daniels pleaded guilty to attempted residential burglary. He was sentenced to 24.75 months of imprisonment. The trial court did not impose discretionary legal financial obligations (LFOs) due to Daniels's inability to pay. But, it found that the DNA (deoxyribonucleic acid) fee was mandatory and imposed it against Daniels. Daniels appeals the imposition of the $100 DNA fee.

## DISCUSSION

RCW 43.43.754(1)(a) requires all persons convicted of a felony to provide a DNA sample. Relatedly, RCW 43.43.7541 requires that every felony sentence includes a $100 DNA fee.

Daniels argues that the trial court should have inquired into his ability to pay the DNA fee before imposing it. He contends that not inquiring into his ability to pay violates RCW 10.01.160(3) and the holding in State v. Blazina, 182 Wn.2d 827, 344 P.3d 680 (2015). In Blazina, the Court held that trial court must inquire into a defendant's ability to pay before imposing LFOs. Id. at 837-38. Similarly, RCW 10.01.160(3) states that courts "shall not order a defendant to pay costs unless the defendant is or will be able to pay them."

But, costs that are required by statute are not subject to the obligation to inquire into the defendant's ability to pay. State v. Clark, 195 Wn. App. 868, 872, 381 P.3d 198 (2016), review granted in part on other grounds by ___ Wn.2d ___, ___ P.3d ___ (2017); see also State v. Mathers, 193 Wn. App. 913, 921, 376 P.3d 1163 (2016) ("Mathers asserts Blazina clearly implicates that the DNA . . . statute should be read in conjunction with RCW 10.01.160. However, this interpretation is overbroad. . . . Throughout the [Blazina] opinion, the court made clear that it was reviewing only discretionary LFOs."), review denied, 186 Wn.2d 1015, 380 P.3d 482 (2016). Unlike discretionary LFOs, the legislature unequivocally requires imposition of the mandatory DNA fee without regard to finding the ability to pay. State v. Shelton, 194 Wn. App. 660, 673-74, 378 P.3d 230 (2016), review denied, 187 Wn.2d 1002, 386 P.3d 1088 (2017). The trial court was therefore not required to inquire into Daniels' ability to pay.

Daniels also makes constitutional arguments. He argues that refusing to waive mandatory fees on criminal defendants violates equal protection because civil litigants receive fee waivers in some circumstances. But, Washington courts

2

have previously held that waiving court fees for civil litigation, but not waiving the DNA fee for criminal litigants does not violate equal protection. See Mathews, 193 Wn. App. at 925-26. "[B]ecause there is a rational basis to impose the fee for every felony sentence for the cost of collection as well as to fund the ongoing cost to operate and maintain the DNA database, the DNA fee statute does not violate equal protection." State v. Lewis, 194 Wn. App. 709, 720, 379 P.3d 129, review denied, 186 Wn.2d 1025 (2016).

Daniels also argues that, in light of Blazina, imposing the $100 DNA fee violates substantive due process. But, a due process constitutional challenge to the DNA fee statute is not ripe for review until the State attempts to enforce collection of the fee. Shelton, 194 Wn. App. at 672-73. The record merely shows that the judge imposed this fee on Daniels. Nothing in the record shows that the State has sought to collect this fee or punish Daniels for nonpayment. This argument is therefore not ripe for review.

We affirm.

WE CONCUR:

3